| | | |
|---|---|---|
| ANN MARIE CARRERO, ELIZABETH ANN CARRERO AND NANCY CARRERO VINCI | * | NO. 2019-CA-0158 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| MANDINA'S, INC. D/B/A MANDINA'S RESTAURANT | * | |
| | * | |

* * * * * * *

**LOVE, J., CONCURS WITH REASONS**

I respectfully concur in the result reached by the majority. Once Mandina's filed the Motion for Summary Judgment, Plaintiffs produced factual support sufficient to establish the existence of genuine issues of material fact with their opposition to the Motion for Summary Judgment. *See* La. C.C.P. art. 966(D)(1). I find that genuine issues of material fact remain as to whether the handrail created an unreasonable risk of harm. *See generally Godfrey v. Boston Old Colony Ins. Co.*, 97-2569, p. 10, (La. App. 4 Cir. 5/27/98), 718 So. 2d 455, 460 ("the few occasions in which this court has upheld summary judgments in favor of defendants on unreasonable risk of harm issues concerned situations in which no duty was owed to the plaintiff as a matter of law or cases in which the plaintiff provided no evidence to support his or her claim"). Based on the evidence presented by Plaintiffs, the factfinder will be required to determine whether Mandina's had constructive knowledge of the handrail and whether the allegedly deficient handrail was an open and obvious defect. *See generally Tsegaye v. City of New Orleans*, 15-0676, p. 20 (La. App. 4 Cir. 12/18/15), 183 So. 3d 705, 718, ("Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury") and *Jones v. Stewart*, 16-0329, p. 18 (La. App. 4 Cir. 10/5/16), 203 So. 3d 384, 395 ("that summary judgment may be granted based on the open and obvious doctrine in an appropriate case").

1